IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY BRITO,

      Plaintiff,

vs.                                                                           No. CIV 24-0754 JB/JMR

AMERICAN NATIONAL PROPERTY &
CASUALTY COMPANY, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Remand, filed July 30, 2024 (Doc. 3)("MTR"). The Court held a hearing on December 19, 2024. See Clerk's Minutes at 1, filed December 19, 2024 (Doc. 16). The primary issues are: (i) whether the Defendant American National Property & Casualty Company, Inc. ("American National"), a third-party defendant, may remove this case under 28 U.S.C. § 1441; (ii) whether American National's removal was timely, where it was filed more than one year after the original complaint; and (iii) whether Brito is entitled to attorney's fees and costs incurred, where the Supreme Court of the United States has not ruled specifically on whether third-party defendants whose State court actions have been bifurcated may seek removal under 28 U.S.C. § 1441. The Court concludes: (i) American National may not remove this case, because it is not a defendant for the purposes of 28 U.S.C. § 1441; (ii) removal is not timely, because American National did not remove this case within one year of the commencement of the action; (iii) Brito should not be awarded attorney's fees and costs, because American National has an objectively reasonable basis for seeking removal, and Brito withdrew this request. Accordingly, the Court: (i) grants in part and denies in

part the MTR; (ii) remands this action to State court; and (iii) declines to award Brito attorney's fees and costs.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 26, 2021, Brito was involved in a fatal motor vehicle accident, where Travis Ruiz Pizarro was killed. See Response to Motion for Remand at 1, filed August 13, 2024 (Doc. 6)("MTR Response"). On February 8, 2022, Pizarro's estate filed a lawsuit in the Fourth Judicial District Court for the State of New Mexico, naming Brito as a defendant. See MTR Response at 1. On May 12, 2023, Brito settled with Pizarro's estate, resolved the claims against him and assigned his rights against American National. See MTR Response at 1. On August 15, 2023, Brito, a defendant in the original action, files a Third-Party Complaint against American National, seeking indemnification and alleging contract, fiduciary duty, and statutory claims. See MTR Response at 1-2; MTR at 2. On July 25, 2024, the State court bifurcates Brito's third-party claims against American National from the underlying lawsuit. See MTR Response at 2; MTR at 2. On the same day, American National removes the third-party claims. See Notice of Removal, filed July 25, 2024 (Doc. 1)("Notice of Removal").

## LAW REGARDING REMOVAL

If a civil action filed in state court satisfies the requirements for original federal jurisdiction -- meaning, most commonly, federal-question or diversity jurisdiction -- the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). See Huffman v. Saul Holdings LP, 194 F.3d 1072, 1076 (10th Cir. 1999)("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court . . . .")(quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). In a case with multiple defendants, there must be unanimous

consent to removal; any one defendant may spoil removal and keep the case in state court.  See 28 U.S.C. § 1446(b)(2)(A).  Only true defendants have removal rights: plaintiffs defending counterclaims and third-party defendants may not remove an action, and their consent is not required for removal if all the true defendants consent.  See Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642 (2d Cir. 1993); Mach v. Triple D Supply, LLC, 773 F. Supp. 2d 1018, 1051 (D.N.M 2011)(Browning, J.); Wiatt v. State Farm Ins. Co., 560 F. Supp. 2d 1068, 1076 (D.N.M. 2007) (Browning, J.).

Section 1446 specifies timing requirements for removal.  See 28 U.S.C. § 1446(b).  "In a case not originally removable, a defendant who receives a pleading or other paper indicating the postcommencement satisfaction of federal jurisdictional requirements -- for example, by reason of the dismissal of a nondiverse party -- may remove the case to federal court within 30 days of receiving such information.  § 1446(b)."  Caterpillar Inc. v. Lewis, 519 U.S. 61, 68-69 (1996).  "Under § 1446(b), the removal period does not begin until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'"  Huffman v. Saul Holdings LP, 194 F.3d at 1077 (quoting DeBry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979)).  "No case, however, may be removed from state to federal court based on diversity of citizenship 'more than 1 year after commencement of the action.'"  Caterpillar Inc. v. Lewis, 519 U.S. at 69, (quoting 28 U.S.C. § 1446(b)).

28 U.S.C. § 1447(c) allows the court to "require payment of just costs and actual expenses including attorney's fees, incurred as a result of the removal."  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005).

## ANALYSIS

The Court grants in part and denies in part the MTR. First, the Court concludes that American National is not a "defendant" in the original action, as § 1441 defines that term, and, thus, American National may not remove this case under 28 U.S.C. § 1441. The Court previously has held that "only original defendants may remove cases under 28 U.S.C. § 1441(a)." Mach v. Triple D Supply, LLC, 773 F. Supp. 2d at 1051. In Mach v. Triple D Supply, LLC, the Court addressed whether a cross-defendant, rather than a third-party defendant, may remove cases under 28 U.S.C. § 1441(a). See 773 F. Supp. 2d at 1050-51. The Court noted, however, that "there is no valid distinction between cross-defendants, counter-defendants, and third-party defendants for the purposes of 28 U.S.C. § 1441(a)." Mach v. Triple D Supply, LLC, 773 F. Supp. 2d at 1051. Accordingly, the Court holds that third-party defendants are not original defendants, and, thus, they may not remove cases under 28 U.S.C. § 1441(a). The Court also notes that, since its decision in Mach v. Triple D Supply, LLC, the Supreme Court has held that third-party counterclaim defendants may not seek removal under 28 U.S.C. § 1441(a). See Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 440-44 (2019). Although the Supreme Court does not address squarely whether § 1441(a) bars third-party defendants, as opposed to third-party counterclaim defendants, from removing cases under § 1441, the Court disagrees with American National's assertion that Home Depot U.S.A., Inc. v. Jackson's reasoning applies only to third-party counterclaim defendants. See MTR Response at 2-3. In concluding that third-party counterclaim defendants may not remove cases under 28 U.S.C. § 1441(a), the Supreme Court describes how the Federal Rules of Civil Procedure distinguishes between both: (i) third-party defendants and defendants; and (ii) counterclaim defendants and defendants:

> The use of the term "defendant" in related contexts bolsters our determination that Congress did not intend for the phrase "the defendant or the

- 4 -

> defendants" in § 1441(a) to include third-party counterclaim defendants. For one, the Federal Rules of Civil Procedure differentiate between third-party defendants, counterclaim defendants, and defendants. Rule 14, which governs "Third-Party Practice," distinguishes between "the plaintiff," a "defendant" who becomes the "third-party plaintiff," and "the third-party defendant" sued by the original defendant. Rule 12 likewise distinguishes between defendants and counterclaim defendants by separately specifying when "[a] defendant must serve an answer" and when "[a] party must serve an answer to a counterclaim." Fed. R. Civ. Proc. 12(a)(1)(A)-(B).

Home Depot U.S.A., Inc. v. Jackson, 487 U.S. 435 at 442. The same textual analysis applies to third-party defendants, and the Court concludes that Home Depot U.S.A., Inc. v. Jackson's reasoning applies to third-party defendants, even if they are not third-party counterclaim defendants. This conclusion is consistent with those of other judges in this district who have faced similar situations and concluded that Home Depot U.S.A., Inc. v. Jackson applies not only to third-party counterclaim defendants, but also to third-party defendants. See AccuCredit Assocs., LLC v. Integrated Control Sys., Inc., No. CIV 22-0306 MIS/GBW, 2023 WL 1961220, at *2 (D.N.M. Feb. 13, 2023)(Strickland, J.)(concluding that a "third-party defendant" may not remove a case under 28 U.S.C. § 1441(a), even though the original plaintiff and original defendant settled all claims before removal); Progressive Direct Ins. Co. v. Gerken, No. CIV 19-864 KG/LF, 2019 WL 6255117, at *3 (D.N.M. Nov. 22, 2019)(Gonzales, J.)(concluding that a party who "was brought into the state case as a third-party defendant" may not remove a case under 28 U.S.C. § 1441(a)). That Brito's claims against American National have been bifurcated does not change the Court's conclusion: American National is not a defendant in the original action and is here only as a third-party defendant. See MTR at 2; MTR Response at 1-2. Accordingly, American National may not remove this case under 28 U.S.C. § 1441(a).

Regarding the timeliness issue, the Court concludes that American National is time barred from removing this case. Insofar as the Court has concluded that American National is a third-

- 5 -

party defendant, and not "defendant" under 28 U.S.C. § 1441, the Court also does not agree with American National's argument that the third-party claims are a separate civil action that began on July 25, 2023. See MTR Response at 5-7. Accordingly, the clock began to run on February 8, 2022, when the original complaint was filed. See MTR Response at 1. American National seeks to remove this case based on diversity of citizenship. See Notice of Removal ¶ 6, at 2. A party may not remove a case "based on diversity of citizenship 'more than 1 year after commencement of the action.'" Caterpillar Inc. v. Lewis, 519 U.S. at 69 (quoting 28 U.S.C. § 1446(b)). Because American National filed its Notice of Removal on July 25, 2024 -- more than two years after the action commenced -- removal is time-barred.

Regarding Brito's request for attorney's fees and costs, Brito withdrew this request at the December 19, 2024, Hearing. See Draft Transcript of December 19, 2024, Hearing at 9:25-10:1 (taken December 19, 2024)(Jasso);[1] id. at 11:4-16 (Jasso). The Court also concludes that awarding attorney's fees and cost is not warranted, because American National has an objectively reasonable basis for seeking removal. See Martin v. Franklin Cap. Corp., 546 U.S. at 141. Accordingly, the Court will not award Brito attorney's fees and costs.

**IT IS ORDERED** that: (i) the Plaintiff's Motion for Remand, filed July 30, 2024 (Doc. 3), is granted in part and denied in part; (ii) the action is remanded to the San Miguel County, Fourth Judicial District, State of New Mexico; and (iii) the Plaintiff shall not be awarded attorney's fees and costs.

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Michael P. Jasso
MPJ Law Firm LLC
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Lelia Kathleen Chaney
Lambdin & Chaney, LLP
Denver, Colorado

--and--

Sara E. Woods
Mynatt Martinez Springer P.C.
Las Cruces, New Mexico

    *Attorneys for the Defendant*